# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| INFORMATION TECHNOLOGY COALITION, INC., | ) ) |
| Plaintiff-Counterdefendant, | ) ) ) |
| | ) No. 1:09-cv-05491 |
| | ) Judge William J. Hibbler |
| INTRINSIC TECHNOLOGIES, LLC, | ) Magistrate Judge Morton Denlow |
| | ) |
| Defendant-Counterplaintiff. | ) |

## PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT

Plaintiff-counterdefendant Information Technology Coalition, Inc., by Mark R. Dycio, Derek L. Burrows, Thomas G. Gardiner and Vincent A. Lavieri, its attorneys, with the Law Offices of Mark R. Dycio, P.C and Gardiner, Koch, Weisberg & Wrona, of counsel, requests the court to enter judgment in its favor and against Defendant-counterplaintiff Intrinsic Technologies, LLC. In support of its motion, Plaintiff states as follows:

1. On September 3, 2009, Plaintiff Information Technology Coalition, Inc. filed this action against Defendant Intrinsic Technologies, LLC seeking damages in connection with certain services rendered by Plaintiff for Defendant in connection with a multi-million dollar project for the United States Air Force.

2. The direct prime contractor to the United States Air Force for the services relevant to this action was InfoReliance, which subcontracted with Microsoft Corporation.

3. Defendant was a subcontractor to Microsoft. Defendant, in turn, subcontracted its work to Plaintiff.

4. Upon completion of various aspects of its work, Plaintiff submitted its invoices to Defendant who, in turn, submitted its invoices to Microsoft.

1

5. Microsoft paid Defendant for Plaintiff's services. Defendant either kept or otherwise used the money it received from Microsoft for Plaintiff's services and failed to pay Plaintiff.

6. At the time suit was filed, there was a balance due Plaintiff of $1,472,161.25, exclusive of 1.5% interest per month that was due on past due amounts pursuant to Paragraph 4(e) of the parties' contract, a copy of which is attached to Plaintiff's Amended Complaint.

7. In connection with the filing of its answer to the original complaint, on November 3, 2009, Defendant filed its Counterclaim against Plaintiff.

8. On May 17, 2010, Plaintiff filed its Amended Complaint, wherein Plaintiff added additional theories of recovery against Defendant.

9. By order entered on August 4, 2010, discovery closed on August 31, 2010.

10. By order entered on October 19, 2010, the Court set the schedule for the filing and briefing of dispositive motions.

11. In accordance with the Court's schedule, on November 30, 2010, Plaintiff timely filed its Motion for Partial Summary Judgment with respect to Counts I-IV, inclusive, of its Amended Complaint and with respect to Defendant's Counterclaim.

12. Pursuant to the Court's October 19, 2010 order, Defendant's response was due by December 30, 2010.

13. Instead of filing its response, Defendant filed its first Motion for Extension of Time to Respond to Summary Judgment Motion seeking an extension of time to January 31, 2011.

14. On January 5, 2011, the Court granted Defendant's motion and allowed Defendant the requested extension to January 31, 2011.

15. On January 31, 2011, Defendant again failed to file its response.

16. On February 3, 2011, Defendant filed its second motion for an extension, requesting an extension of time to February 14, 2011.

17. On February 7, 2011, Plaintiff filed its Response in Opposition to Defendant's Second Motion for Extension of Time to Respond to Summary Judgment.

18. In its Response, Plaintiff requested that if the Court was inclined to grant Defendant's second request for an extension of time, that the extension be a final extension and that no further extensions be granted.

19. On February 8, 2011, Defendant presented its second Motion for Extension of Time to Respond to Summary Judgment.

20. At the hearing on February 8, 2010, counsel for Defendant stated to the Court:

> It would – we can assure the Court that it would be our final extension, which I know plaintiff raised in their objection. And after February 14 we will be ready to proceed.

*See* page 2 of the transcript from the February 8, 2011 hearing, a copy of which is attached hereto as Exhibit "A."

21. At the February 8, 2011 hearing, counsel for Plaintiff reiterated its request that the extension be a final extension. *See* page 3 of the transcript from the February 8, 2011 hearing, a copy of which is attached hereto as Exhibit "A."

22. In granting Defendant's second motion for an extension of time to February 14, 2011, the Court stated:

> The Court realizes this is a second request for an extension. The Court takes note of the plaintiff's objection thereto, although I do realize that circumstances sometimes develop which we do not anticipate. In that this second request is somewhat modest in that it is extended from the 31st of January until the 14th of February, **the Court will grant that request for the extension for their**

> **response to this summary judgment, understanding it would be a final extension.** (Emphasis added).

*See* page 3 of the transcript from the February 8, 2011 hearing, a copy of which is attached hereto as Exhibit "A."

23. In both of its motions to extend time, the proffered reasons for the extension were the purported debilitating health problems of Richard Schendelman.

24. However, just last week, Schendelman was sufficiently healthy to travel to Austin, Texas, to submit to a four (4) hour deposition taken on February 14, 2011 in the lawsuit entitled "*Yash & Lujan Consulting, Inc. v. Cyberdefenses, Inc.*" No. 09-798-C26, which is pending in the District Court of the 26th Judicial, Williamson County, Texas. This lawsuit arises out of the same United States Air Force contract at issue herein and Defendant is a third-party defendant in the *Yash & Lujan Consulting* lawsuit.

25. On February 14, 2011, Defendant failed to file its Response to Plaintiff's Motion for Summary Judgment.

26. In that there is no response to Plaintiff's Motion for Partial Summary Judgment, the facts in Plaintiff's Motion for Partial Summary Judgment are not refuted and, as a result, there are no genuine issues of material facts.

27. Plaintiff requests the entry of judgment in its favor and against Defendant with respect to Motion for Partial Summary Judgment as to Count I of its Amended Complaint[1] and with respect to Defendant's Counterclaim.

28. Pursuant to Paragraph 4(e) the parties' contract, a copy of which is attached to Plaintiff's Amended Complaint as Exhibit "A," Plaintiff is entitled to recover interest of 1.5% per month on the balance due Plaintiff.

---

[1] Counts II, II and IV of Plaintiff's Amended Complaint were alternate theories and become moot upon the entry of judgment.

29. As stated in Plaintiff's Motion for Partial Summary Judgment, as of December 1, 2010, Plaintiff is owed $1,472,161.25, plus interest at the contract rate in the amount of $640,345.03, for a total of $2,112,506.28.

30. Since December 1, 2010, interest accrues at the rate of $726.00 *per diem*[2] and through February 22, 2011, additional interest in the amount of $60,984.00 is due (*i.e.*, $726.00 per day x 84 days).

31. Plaintiff has attached a proposed order, which includes interest accruing through February 22, 2011, the date of presentment of this motion.

**WHEREFORE,** Plaintiff Information Technology Coalition, Inc. requests the Court as follows:

a. To grant Plaintiff's Motion for Partial Summary Judgment with respect to Count I of Plaintiff's Amended Complaint and Defendant's Counterclaim;

b. To enter judgment in Plaintiff's favor in the amount of and against Defendant Intrinsic Technologies, LLC with respect to Plaintiff's Amended Complaint and Defendant's Counterclaim;

c. To dismiss as moot Counts II, III and IV of Plaintiff's Amended Complaint; and

d. To grant Plaintiff such further relief to which it may be entitled.

**INFORMATION TECHNOLOGY COALITION, INC.**

By: /s/ Vincent A. Lavieri
     One of Its Attorneys

Thomas G. Gardiner
Vincent A Lavieri

---

[2] Balance due of $1,472,161.25 x 18% per year/365 days.

5

Gardiner, Koch, Weisberg & Wrona
53 West Jackson Boulevard, Suite 950
Chicago, Illinois 60604
T: (312) 362-0000
F: (312) 362-0440
*Counsel for Plaintiff*

Mark R. Dycio (admitted *pro hac vice*)
Derek L. Burrows (admitted *pro hac vice*)
Law Offices of Mark R. Dycio, P.C.
10533 Main Street
Fairfax, Virginia 22030
T: (703) 383-0100
F: (703) 383-0101
*Counsel for Plaintiff*